1  Jason Hartley (No. 192514)
   **HARTLEY LLP**
2  101 W. Broadway, Ste. 820
   San Diego, CA 92101
3  Telephone: (619) 400-5822
   hartley@hartleyllp.com
4
   George A. Hanson (*pro hac vice forthcoming*)
5  Larkin Walsh (*pro hac vice forthcoming*)
   Brandi S. Spates (*pro hac vice forthcoming*)
6  Kate Marshall (No. 350231)
   **STUEVE SIEGEL HANSON LLP**
7  460 Nichols Road, Suite 200
   Kansas City, Missouri 64112
8  Telephone: 816-714-7100
   hanson@stuevesiegel.com
9  walsh@stuevesiegel.com
   spates@stuevesiegel.com
10 marshall@stuevesiegel.com

11 *Counsel for Plaintiff and the Putative Class*

12           **UNITED STATES DISTRICT COURT**
          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
13

14

15 CAROLINE BONILLA,
   individually and on behalf of all          Case No. **'24CV1346 AGS JLB**
16 others similarly situated,

17                   Plaintiff,
                                               **CLASS ACTION COMPLAINT**
18
         v.
19

20 RADY CHILDREN'S HOSPITAL           **Jury Trial Demanded**
   - SAN DIEGO and RADY
21 CHILDREN'S HOSPITAL AND
   HEALTH CENTER,
22

23                   Defendant.

24

25

26

27

28

1

Class Action Complaint

Plaintiff Caroline Bonilla ("Plaintiff") brings this Class Action Complaint against Defendants Rady Children's Hospital – San Diego and Rady Children's Hospital and Health Center, (collectively, "Rady" or "Defendants") on behalf of herself and all others similarly situated ("Class Members"). Plaintiff makes the following allegations based upon personal knowledge as to her own experiences, detailed accounts gathered from other Class Members, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.    This case arises out of Defendants' failure to comply with the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Order in the treatment of their travel nurse employees by failing to pay them for time spent on mandatory work-related training materials.

2.    Under California law, employers like Defendants must generally pay their employees for time spent on work-related training materials, particularly if that training is a mandatory part of the job.

3.    Here, Defendants required all traveling nurses who were assigned to work at their facility, including Plaintiff and Class Members, to perform mandatory pre-assignment training, including completing an orientation curriculum, training modules, and passing required exams before they were permitted to begin their regular work assignments.

4.    Even though these training materials were mandatory and directly related to the jobs performed by Plaintiff and Class Members, Rady failed to pay for time spent completing them.

5.    This suit seeks to recover all unpaid wages owed to Plaintiff and Class Members for that training time, along with all penalties they are owed under the law.

## PARTIES, JURISDICTION, AND VENUE

6.    Plaintiff Caroline Bonilla is a citizen of California who during the time

relevant to this suit worked for Rady as an hourly, non-exempt Registered Nurse within the state of California. Plaintiff Bonilla was a travel nurse jointly employed by Defendants for a 13-week assignment with one additional contract extension for a total assignment period of 26 weeks.

7.   Defendant Rady Children's Hospital – San Diego is a nonprofit corporation having its principal place of business in San Diego, California.

8.   Defendant Rady Children's Hospital and Health Center is a nonprofit corporation having its principal place of business in San Diego, California.

9.   This Court has subject matter jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000.00, exclusive of interest, attorneys' fees, and costs; and (3) Rady and at least one class member are citizens of different states.

10.   This Court has personal jurisdiction over Rady because it is authorized to do business and regularly conducts business in California, and the claims of Plaintiff and the Class she seeks to represent arose within the state of California.

11.   Venue is proper in this district under 28 U.S.C. § 1391(b) because Rady resides within this district, and a substantial part of the events giving rise to the claims at issue occurred in this district, as Plaintiff and putative class members performed work subject to this suit within the boundaries of this district.

## FACTS RELEVANT TO ALL COUNTS

12.   Rady Children's Hospital is a nonprofit, 511-bed pediatric-care facility.[1] Defendants hold themselves out as "the only hospital in the San Diego area dedicated exclusively to pediatric health care and the region's only designated

_____

[1] https://www.rchsd.org/about-us/who-we-are/ (last visited July 23, 2024).

Class Action Complaint

1  pediatric trauma center."[2]

2  13.    At all times relevant to this Complaint, Defendants procured skilled

3  travel employees like Plaintiff to fill short-term nursing employment gaps on a

4  temporary basis from healthcare intermediary staffing agencies.

5  14.    Defendants acted as direct employers and client employers of Plaintiff

6  and Class Members.

7  15.    Upon accepting her assignment at Defendants' facility, Plaintiff and

8  other Class Members received an orientation curriculum and unit-specific training

9  modules that Rady required to be completed at least one week before the start of

10  their assignment. Similarly, Rady required all travel nurse employees, like Plaintiff

11  and other known Class Members, to prepare for and pass (with a 100% score) a

12  medication calculation exam prior to their start date.

13  16.    Although it took travel nurses many hours to complete the orientation

14  curriculum, training modules, and prepare for and take required exams, Plaintiff and

15  Class Members were not paid for any of this mandatory work.

16  17.    Training time, such as that spent by Plaintiff and Class Members

17  completing mandatory pre-assignment training materials, is compensable work time

18  under California law unless all the following are met: (1) attendance is outside of the

19  employee's regular working hours; (2) attendance is in fact voluntary; (3) the course,

20  lecture, or meeting is not directly related to the employee's job; and (4) the employee

21  does not perform any productive work during such attendance. DLSE Enforcement

22  Policies and Interpretations Manual §46.6.3.

23  18.    Under California law, "attendance is not voluntary if the employee is

24  led to believe that present working conditions or the continuation of employment

25  would be adversely affected by nonattendance." *Id.*

26

27  _____

28  [2] *Id.*

4

Class Action Complaint

19. Moreover, "training is directly related to an employee's job if it is designed to make the employee handle his job more effectively as distinguished from training him for another job or to a new or additional skill." *Id.*

20. Time spent by Plaintiff and Class Members completing Defendants' mandatory pre-assignment training is compensable working time because attendance is not voluntary and the training program provides training that is directly related to the travel nurse employee's job.

21. Time spent completing mandatory pre-assignment training materials was not voluntary because Plaintiff and Class Members were expressly required to complete the modules before they could begin their regular work assignments. For instance, Rady sent newly hired travel nurse employees a communication stating they were "required to complete" Rady's orientation curriculum by one week prior to their start date.

22. Additionally, the mandatory pre-assignment training materials were designed to make Defendants' travel nurse employees like Plaintiff and Class Members more effective at their jobs and were directly related to the travel nurse employees' jobs working at Rady.

**Plaintiff Caroline Bonilla**

23. Plaintiff Caroline Bonilla was at travel nurse who worked for Rady Children's Hospital – San Diego from November 1, 2021 to May 10, 2022.

24. Prior to her November 1 start date with Rady, she received an email stating that she was required to complete Rady's "Orientation Curriculum" prior to her start date, and no later than October 22, 2021.

Class Action Complaint

Hi Caroline,

## Welcome to Rady Children's Learning Center!

You are required to complete your **Orientation Curriculum** prior to your start, due by **Friday, October 22, 2021.** Please follow the below instructions. If you need assistance, you may use the attached user guide for reference.

You will need to use **Internet Explorer** or **Google Chrome** on a **Windows-based PC** (laptop or desktop computer), as unfortunately, you will **not** be able to use a Mac, iPhone, iPad, nor other tablet device to complete your curriculums. Please send us a photo/screenshot of your passing score if your module isn't showing as completed.

25.    Plaintiff Bonilla completed the required training modules and spent numerous hours completing the training modules required by Rady.

26.    Plaintiff Bonilla inquired whether the time spent completing the training modules would be paid and was told that Rady does not pay for those hours.

27.    Defendants intentionally and unlawfully failed to pay Plaintiff and Class Members for compensable training time which was spent completing Defendants' mandatory pre-assignment training materials.

28.    In violation of the applicable sections of the California Labor Code and the requirements of the IWC Wage Order, Defendants as a matter of policy, practice and procedure, intentionally, knowingly and systematically failed to properly compensate Plaintiff and Class Members for all hours worked. This uniform policy and practice was intended to purposefully avoid the payment of minimum and overtime wages required by California law which allows Defendants to illegally profit and gain an unfair advantage of competitors who complied with the law.

## ALLEGATIONS APPLICABLE TO COVERAGE UNDER THE CALIFORNIA LABOR CODE

29.    At all times relevant, Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the California Labor Code. Cal. Lab. Code § 1 *et seq.*

30.    During all times relevant to this action, Rady was the "employer" of Plaintiff and the Class Members within the meaning of California law, or otherwise

Class Action Complaint

1    subject to its statutory provisions. Cal. Lab. Code § 1132.2; Cal. Code Regs. tit. 8, §

2    11050. Rady exercised control, either directly or indirectly over Plaintiff and Class

3    Members, because, among other things:

4         31.    Defendants, as they did with their own direct or contractual employees,

5    controlled and directed the performance of the work of Plaintiff and Class Members

6    by controlling and directing their scope of work, work orders, shifts, hours,

7    procedures, protocols, charting, entering time, and more. Defendants' control over

8    the work of Plaintiff and Class Members was the same as their control over the work

9    of their own direct contractual employees.

10         32.    Plaintiff and Class Members performed work that was within the usual

11    course of Defendants' business, as Defendants directly employed the same types of

12    employees who in fact worked side-by-side with Plaintiff and Class Members.

13    Defendants made no distinction regarding their control and direction over the work

14    of their nurses as opposed to their travel nurses but treated them the same.

15         33.    On information and belief, the agreements between Defendants and

16    travel nurse staffing agencies authorized Defendants to exercise other indicia of

17    employment related to Plaintiff and Class Members, including the ability to

18    interview, approve or disapprove, dismiss, and/or terminate travel nurse employees

19    if they fail to comply with Defendants' guidelines and protocols.

20         34.    Defendants required facility-specific training materials to be completed

21    before Plaintiff and Class Members could work at Defendants' facility, including

22    training regarding compliance with Defendants' facility protocols, logistics, and

23    practices. Plaintiff and Class Members were expected to abide by Defendants'

24    protocols, logistics, and practices in order to begin and continue working at Rady.

25         35.    Defendants directly or indirectly determined Plaintiff's rate of pay by

26    setting "bill rates" which was the amount Defendants were willing to pay a staffing

27    agency for every hour worked by a traveling nurse.

28

7

Class Action Complaint

36.    Although Plaintiff's contracts, like those of Class Members, were with her respective staffing agencies, Plaintiff and Class Members were dependent on Defendants as a matter of economic reality for their primary employment, typically working more than 36-hours per week at Defendants' facility, subject to Defendants' direction, supervision, and control.

37.    Additionally, Rady is a "client employer" bearing civil responsibility for the payment of wages to employees hired and retained through labor contractors, including nurse staffing companies, pursuant to Cal. Lab. Code § 2810.3.

38.    Rady had agreements with staffing agencies that supplied Rady with nurses to fill temporary staffing needs and care for Rady patients at Rady facilities, on their premises, which was part of the regular and customary work that Rady's performed. Thus, Rady was obligated to pay all wages within the meaning of California Labor Code § 2810.3(a)(4) due to Plaintiff and Class Members. As alleged herein, Rady has not paid such wages, in that it failed to pay Plaintiff and other Class Members for time spent completing pre-assignment training requirements that were mandatory as a condition of employment. As a direct and proximate result of the acts and omissions of Rady, Plaintiff has been deprived of wages due in amounts to be determined at trial.

39.    Plaintiff initiated the notice required by Cal. Lab. Code § 2810.3(d) more than 30 days prior to the filing of this complaint.

40.    During all times relevant to this action, Plaintiff and Class Members were Rady's "employees" within the meaning of California law. Cal. Lab. Code § 1132.4.

41.    Plaintiff and Class Members are victims of uniform (and uniformly deficient) compensation and notice policies in violation of California law.

42.    Plaintiff and Class Members are entitled to recover all damages, costs, attorney fees, statutory penalties, liquidated damages, and other recoverable items

Class Action Complaint

1    provided pursuant to the California Labor Code.

## CLASS ACTION ALLEGATIONS

43.    Plaintiff brings this action individually and on behalf of all Class Members pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), (b)(3), and/or (c)(4) and seeks certification of the following class:

> All current and former Rady non-exempt travel employees who were not paid an hourly rate at or above the applicable minimum wage for time spent completing mandatory pre-assignment training materials during the relevant limitations period.

44.    Excluded from the class are Rady, any entity in which Rady has a controlling interest, any of the officers or directors of Rady, the legal representatives, heirs, successors, and assigns of Rady, and any Judge to whom this case is assigned, and his or her immediate family.

45.    Plaintiff's California state law claims described in detail below satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

46.    <u>Numerosity</u>: The Class numbers in the hundreds, if not thousands, of persons. As a result, joinder of all class members in a single action is impracticable.

47.    All members of the Class are ascertainable by reference to objective criteria, as Defendants have access to names, addresses, and other contact information for Class Members that can be used for notice purposes. Class Members may be informed of the pendency of this action through regular mail, e-mail, text, and/or posting of an approved notice.

48.    <u>Common Questions of Law and Fact Predominate</u>: There are common questions of fact and law to the Class that predominate over any questions affecting only individual class members and that drive the litigation. The questions of law and fact common to the Class arising from Rady's actions include, without limitation, the following:

a.    Whether time spent completing mandatory pre-assignment training

9

Class Action Complaint

materials is compensable under the California Labor Code;

    b. Whether Rady violated the California Labor Code when it failed to pay employees for time spent completing mandatory pre-assignment training;

    c. Whether Rady violated the California Labor Code when it failed to pay employees for time spent completing mandatory pre-assignment training materials at an hourly rate at or above the applicable minimum wage;

    d. Whether Rady provided wage statements accurately listing all information required by the California Labor Code;

    e. Whether Rady kept accurate records as required by the California Labor Code;

    f. Whether Rady timely paid all wages due to Plaintiff Class Members as required by law; and

    g. Whether Rady's conduct and practices were willful and lacking a good faith legal basis.

49. <u>Typicality</u>: Plaintiff's claims are typical of those of the Class in that Class Members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful pay practices as Plaintiff.

50. <u>Superiority</u>: Class treatment is superior to individual treatment, as it will permit a large number of similarly situated persons to prosecute their respective class claims in a single forum, simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce. Rady has acted or refused to act on grounds generally applicable to the Class. Absent a class action, most of the members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Separate actions by individual class members would unnecessarily burden the

Class Action Complaint

1  courts, could create a risk of inconsistent and varying adjudications, establish

2  incompatible standards of conduct for Rady, and/or substantially impair or impede

3  the ability of Class Members to protect their interests.

4       51.    <u>Adequacy</u>: Plaintiff is an adequate representative because she is a

5  member of the Class that she seeks to represent, and her interests do not conflict with

6  the interests of the members of the Class. The interests of the members of the Class

7  will be fairly and adequately protected by Plaintiff and the undersigned counsel, who

8  are experienced prosecuting complex wage and hour, employment, and class action

9  litigation.

10       52.    To the extent not all issues or claims can be resolved on a class-wide

11  basis, Plaintiff invokes Federal Rule of Civil Procedure 23(c)(4), reserving the right

12  to seek certification of a class action with respect to particular issues, and Federal

13  Rule of Civil Procedure 23(c)(5), reserving the right to divide the class into

14  subclasses. To the extent Plaintiff seeks declarative or injunctive relief, Defendants

15  have acted or refused to act on grounds that apply generally to the class, rendering

16  certification under Rule 23(b)(2) appropriate.

17       53.    Plaintiff and Class Members hereby invoke Emergency Rule 9(a) of the

18  Judicial Council of California, tolling the statute of limitations for their claims for

19  the period of April 6, 2020 to October 1, 2020.

20  **COUNT I**

21  **Violations of California Labor Code §§ 1182.11, 1182.12, 1194 and 1197; Cal. Code Regs. Tit. 8, § 11050; and San Diego Municipal Code § 39.0107**

22  **Arising Out of Rady's Failure to Pay Minimum Wages**

23       54.    Plaintiff re-alleges the allegations set forth above.

24       55.    At all times relevant to this Complaint, California Labor Code §§

25  1182.11, 1182.12, 1194 and 1197, Cal. Code Regs. tit. 8, § 11050 and other

26  applicable IWC Wage Orders, and San Diego Municipal Code § 39.0107 were in

27  full force and effect and required that Plaintiff and Class Members receive the

28  minimum wage for all hours worked irrespective of whether nominally paid on an

Class Action Complaint

1  hourly, piece rate, or any other basis, at the rates established by law.

2        56.    Rady failed to pay Plaintiff for all hours worked at the statutory

3  minimum wage rate, as required by law, including for work time spent completing

4  mandatory pre-assignment training materials.

5        57.    As a direct and proximate result of the acts and omissions of Rady,

6  Plaintiff and Class Members were deprived of minimum wages due in amounts to

7  be determined at trial, and to additional amounts as liquidated damages, pursuant to

8  Labor Code § § 1194 and 1194.2.

9        58.    By violating California Labor Code §§ 1182.11, 1182.11 and 1197, and

10  applicable IWC Wage Orders, Rady is also liable for liquidated damages and

11  reasonable attorneys' fees and costs under Cal. Labor Code § 1194.

**COUNT II**
**Violation of California Labor Code § 203**
**Arising Out of Rady's Failure to Pay All Wages Due to Former Employees**

14        59.    Plaintiff re-alleges the allegations set forth above.

15        60.    Pursuant to California Labor Code §§ 201, 202, and 203, employers are

16  required to pay all earned and unpaid wages to an employee whose employment is

17  terminated for any reason.

18        61.    California Labor Code § 201 mandates that if an employer discharges

19  an employee, the employee's wages accrued and unpaid at the time of discharge are

20  due and payable immediately.

21        62.    California Labor Code § 202 mandates that if an employee quits his

22  employment, the employer must pay all wages accrued and unpaid at the time the

23  employee quits within 72 hours after the employee quits, unless the employee

24  provided at least 72 hours' notice of his intention to quit, in which case the employee

25  is entitled to his wages at the time of quitting.

26        63.    California Labor Code § 203 provides that if an employer willfully fails

27  to pay any wages owed to an employee in accordance with Labor Code §§ 201 and

28

12

Class Action Complaint

1    202, the employer is liable for waiting time penalties in the form of continued

2    compensation to the employee at the same rate for up to 30 workdays.

3         64.    As alleged herein, and as a result of its failure to pay wages at or above

4    the minimum lawful rate for time spent completing mandatory pre-assignment

5    training materials, Rady willfully failed to pay wages owed to Plaintiff and Class

6    Members whose employment has terminated, in accordance with California Labor

7    Code §§ 201 and 202.

8         65.    As a result, Plaintiff and Class Members are entitled to all statutory

9    penalties, including the waiting time penalties set forth in California Labor Code §

10    203, together with interest thereon, as well as all other available remedies.

## COUNT III
### Violation of California Labor Code § 204
### Arising Out of Rady's Failure to Pay Timely Wages

13         66.    Plaintiff re-alleges the allegations set forth above.

14         67.    Pursuant to California Labor Code § 204, for all labor performed

15    between the 1st and 15th days of any calendar month, Rady was required to pay their

16    nonexempt employees between the 16th and 26th day of the month during which the

17    labor was performed. California Labor Code § 204 also provides that for all labor

18    performed between the 16th and 26th days of any calendar month, Rady was

19    required to pay their nonexempt employees between the 1st and 10th day of the

20    following calendar month.

21         68.    Rady knowingly and willfully failed to pay Plaintiff and Class

22    Members all the wages they earned when due as required by California Labor Code

23    § 204.

24         69.    Pursuant to California Labor Code § 210, failure to pay the wages of

25    each employee as provided in California Labor Code § 204 will subject an employer

26    to a civil penalty of: (1) one hundred dollars ($100) for each failure to pay each

27    employee for each initial violation; and (2) two hundred dollars ($200) for each

28

Class Action Complaint

failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

70.    Rady's failure to pay wages as required by law for time spent by Plaintiff and Class Members on pre-assignment online training materials as described herein violates California Labor Code § 204.

71.    As a result of these violations, Plaintiff and Class Members have been damaged in an amount to be proved at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover the unpaid balance of wages owed to them by Rady, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## COUNT IV
### Violations of California Labor Code §§ 226, 1174, and 1175
### Arising Out of Rady's Failure to Furnish Accurate Wage Statements

72.    Plaintiff re-alleges the allegations set forth above.

73.    California Labor Code § 226 requires employers to provide employees, on each payday, itemized statements showing, among other things: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee, (8) the name and address of the legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

74.    Rady willfully violated its obligations under California law, including those under California Labor Code §§ 226 by knowingly and intentionally failing to provide Plaintiff and the Class with timely and accurate wage statements as alleged herein.

Class Action Complaint

75.    Plaintiff and Class Members were not furnished accurate wage statements with their paychecks because, inter alia, their wage statements did not include the time they spent working on online training materials or the wages earned thereon.

76.    Rady also violated California Labor Code §§ 1174 and 1175 by knowingly, intentionally, and unlawfully failing to provide Plaintiff and the Class with timely and accurate wage statements in violation of California Labor Code § 226.

77.    For such violations, Rady is liable for the penalties described in Labor Code §§ 226(e), 226.3, 1174.5, and 558.

78.    Plaintiff and the Class are entitled to recover the greater of their actual damages or $50 for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty per employee of $4,000. Plaintiff and the Class are entitled to an award of costs and reasonable attorney's fees under California Labor Code § 226(e) and additional relief as described herein and permitted by law.

### COUNT V
### Violations of California Labor Code §§ 226, 1174, 1175, and IWC Wage Order NO. 4-2001, § 7
### Arising Out of Rady's Failure to Maintain Required Records

79.    Plaintiff re-alleges the allegations set forth above.

80.    As part of Rady's unlawful failure to pay for work spent on pre-assignment online training materials set forth herein, it knowingly and intentionally failed to maintain records as required by California Labor Code §§ 226 and 1174, and IWC Wage Orders, including but not limited to applicable rates of pay for all hours worked, and accurate itemized wage statements.

81.    Plaintiff and Class Members were not furnished accurate wage statements with their paychecks because, inter alia, their wage statements did not

15

Class Action Complaint

1  include the time they spent working on online training materials or the wages earned

2  thereon.

3      82.    As a result of Rady's unlawful actions and omissions, Plaintiff and

4  Class Members have been damaged in an amount to be proved at trial and are entitled

5  to all wages due and interest thereon. Additionally, Plaintiff and Class Members are

6  entitled to all available statutory penalties, including but not limited to civil penalties

7  pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of

8  costs, expenses, and reasonable attorneys' fees, including but not limited to those

9  provided by California Labor Code § 226(e).

**COUNT VI**
**Violation of California Business and Professions Code § 17200, *et seq*.**
**Arising Out of Rady Unfair Business Practices**

12      83.    Plaintiff re-alleges the allegations set forth above.

13      84.    California's Business and Professions Code § 17200, et seq., the

14  California Unfair Competition Law (UCL) prohibits acts of unfair competition,

15  which includes any "unlawful business act or practice."

16      85.    The policies, acts, and practices described in this Complaint were

17  unlawful business acts and practices because Rady's failure to pay all wages due by

18  law, namely for time spent completing mandatory pre-assignment training materials,

19  failure to provide accurate and timely wage statements and keep accurate wage

20  records, and failure to timely pay all wages due violate applicable California Labor

21  Code sections, including but not limited to California Labor Code §§ 226, 1174,

22  1175, 1182.11, 1182.12, 1194; 1197; and 2810.3 Cal. Code Regs. tit. 8, § 11050;

23  and San Diego Municipal Code § 39.0107, binding administrative regulations

24  including IWC Wage Orders and other violations of California common law.

25  Plaintiff reserves the right to allege additional statutory and common law violations

26  by Rady.

27      86.    Rady's violations of California wage and hour laws constitute a

28

Class Action Complaint

business practice because the company's aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the Class.

87.    Rady has avoided payment of minimum wages and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Rady has failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

88.    As a result of Rady's unfair and unlawful business practices, it has reaped unfair and illegal profits during the class period at the expense of Plaintiff, Class Members, and members of the public. Rady should be made to disgorge its ill-gotten gains and to restore them to Plaintiff and Class Members.

89.    Any reasons, justifications, or motives that Rady may offer for the practices described herein are outweighed by the gravity of harm to the victims, including Plaintiff and Class Members, the general public, the state of California, and competing firms that comply with wage payment requirements. These injuries are substantial and are not outweighed by any countervailing benefits to consumers or competition.

90.    Rady's prohibited business practices are likely to continue absent judicial intervention.

91.    Plaintiff and Class Members have standing to pursue this cause of action because they suffered injury in fact and lost money as a result of Rady's misconduct described herein.

92.    Furthermore, Plaintiff and the Class seek restitutionary disgorgement from Rady and public injunctive relief prohibiting Rady from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

93.    Plaintiff and Class Members seek all monetary and non-monetary relief

Class Action Complaint

allowed by law, including restitution of all profits stemming from Rady's unfair, unlawful, and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, as to each Count alleged, Plaintiff individually and on behalf of all Class Members, respectfully requests that the Court enter judgment in their favor and against Defendants and pray this Court:

    a.    Certify this action as a class action pursuant to Fed. R. Civ. P. 23, declare Plaintiff a proper Class Representative, and appoint Plaintiff's counsel as Class Counsel;

    b.    Award Plaintiff and the Class their unpaid and untimely wages due, along with liquidated damages and statutory penalties and all damages available at law, including punitive damages, in an amount to be determined at trial;

    c.    Order Rady to account for and restore to Plaintiff and the Class the compensation unlawfully withheld from her for the four years preceding the filing of this Class Action Complaint;

    d.    Order Rady to identify, locate, and make restitution to affected members of the general public all funds and the value of all things acquired by the acts of unfair competition alleged herein;

    e.    Order Rady to cease its unfair, unlawful, and fraudulent practices;

    f.    Order Rady to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes obtained by way of its violation of California Business and Professions Code § 17200, *et seq.*, for the four years preceding the filing of this Class Action Complaint;

Class Action Complaint

g.     Enter all additional orders necessary under California Business and Professions Code § 17203;

h.     Order the payment of pre- and post-judgment interest to the extent it is allowed by law;

i.     Award Plaintiff and the Class attorneys' fees and costs as provided by law; and

j.     Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## JURY DEMAND

Plaintiff are entitled to and demand a jury trial on all claims so triable.


Dated: July 30, 2024                    Respectfully submitted:

**HARTLEY LLP**

*s/Jason S. Hartley*
Jason S. Hartley (No. 192514)
101 W. Broadway, Ste. 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson (*pro hac vice forthcoming*)
Larkin Walsh (*pro hac vice forthcoming*)
Brandi Spates (*pro hac vice forthcoming*)
Kate Marshall (No. 350231)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
hanson@stuevesiegel.com
walsh@stuevesiegel.com
spates@stuevesiegel.com
marshall@stuevesiegel.com


*Attorneys for Plaintiff and the Putative Class*

Class Action Complaint